IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| John Platcher, as Special Representative of the Estate of Charles Platcher, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  04-1442 |
| Health Professionals, Ltd., et al., | ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on two motions to dismiss Plaintiff's Third Amended Complaint, one by Defendants Ray, Elyea, and Uchtman (d/e 58), and the other by Defendant Health Professionals, Ltd. (d/e 60)("HPL").  For the reasons below, the Court recommends that the motion to dismiss Plaintiff's claim for injunctive relief be granted (d/e 58) and that Defendants Ray, Elyea and Uchtman be dismissed, but only to the extent Plaintiff sues them in their official capacities. The Court further recommends that HPL's motion to dismiss be denied (d/e 60).

## BACKGROUND

Taking the allegations as true, on December 25, 2003, Charles Platcher, then an inmate incarcerated at Menard Correctional Center, died of hypothermia in his cell, as a result of Defendants' deliberate indifference and negligence. Charles Platcher ("Decedent") is survived by his father (John Platcher), his brother (Jeffrey Platcher), and his sister (Christine Harman).

On April 2, 2004, Decedent's father and brother filed an action based on Decedent's wrongful death against the Illinois Department of Corrections and HPL in Cook County Circuit Court (d/e 16, Ex. 1).[1] The Cook County Complaint pursued a negligence claim and sought an injunction to preserve evidence. *Id.* Plaintiff represents that no estate had been opened for Decedent at the time the Cook County Complaint was filed. (d/e 62, p. 2, n.2). On May 6, 2004, the plaintiffs in the Cook County case (Decedent's father and brother), moved to voluntarily dismiss the case.

---

[1]Plaintiff's recitation in his response of the relevant procedural history of the state court cases is the same as defendants'. Plaintiff does not dispute the authenticity of the court documents attached to HPL's motion, nor object to their consideration. In any event, the Court agrees these documents are appropriate for judicial notice as matters of public record. *See* G.E. Capital Corp. V. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).

On May 3, 2004, a few days before moving to voluntarily dismiss their Cook County case, Decedent's brother and father filed an essentially identical Complaint in the Peoria County Circuit Court. (d/e 16, Ex. 2). On December 27, 2004, while the Peoria County case was still pending, Decedent's father filed this case in U.S. District Court, not individually but as Special Representative of Decedent's estate.[2] On March 4, 2005, the Peoria County Court granted a motion to dismiss, with leave to replead. (d/e 16, Ex. 4). According to Plaintiff, the plaintiffs in the Peoria County case chose not to replead, electing instead to rely on the Special Representative in this case.[3]

The Plaintiff's Third Amended Complaint (d/e 57) sets forth five counts arising from the death of Decedent: 1) negligence/wrongful death claim against Defendant Health Professionals, Ltd.; 2) negligence/survival claim against Defendant Health Professionals, Ltd.; 3) civil rights claims against the individual health care providers; 4) civil rights claims against

---

[2]Plaintiff maintains that letters of office issued on February 7, 2005. (d/e 62, p.2, n.2).

[3]Plaintiff argues that HPL's advocacy and representations in the Peoria County proceedings preclude its arguments for dismissal here. (d/e 62, p. 2). In light of this Court's recommendation to deny HPL's motion, it is not necessary to address Plaintiff's estoppel argument.

the individual correctional officers; and 5) civil rights claims against Defendant Uchtman (the Warden of Menard), Defendant Elyea (the IDOC Director of Medical Services), Defendant Ray (the Director of Mental Health Services) and Defendant Feinerman (Menard's Director of Medical Services).

Plaintiff seeks money damages in all counts, except for count V, in which he requests that:

> defendants be immediately enjoined and restrained from those actions alleged in paragraph 80 above [various alleged unconstitutional practices and policies], and that they be enjoined to implement policies and procedures to safeguard the constitutionally protected rights of inmates held in custody under their care, . . .

(d/e 57, ¶ 83).[4]  Plaintiff's prior Complaints had requested money damages in Count V, but Plaintiff dropped that request in his Third Amended Complaint, in response to Defendants' motion to dismiss arguing that the Eleventh Amendment bars suits for money damages against them in their official capacities.  (d/e 43, Plaintiff's Motion to Amend Complaint).

---

[4]The court's electronic copy (d/e 57) does not contain the [sics] that defendants' copy apparently does.  (d/e's 59, pp. 1-2).

## ANALYSIS

### I. Injunctive Relief

Defendants Ray, Elyea, and Uchtman move to dismiss Count V (the unconstitutional policy claim), on the grounds that the injunctive relief Plaintiff seeks is not available because Charles Platcher is deceased. Plaintiff counters that his case is an exception because it is "'capable of repetition yet evading review,'" *citing* Roe v. Wade, 410 U.S. 113, 125 (1973). Plaintiff argues that he, "seeks to effect change in the Menard prison system such that no inmate will endure the same constitutional violations, treatment or conditions as did Charles Platcher." (d/e 61, p. 3).

Plaintiff's goals are laudable, but they cannot be achieved through an action for injunctive relief. This is not a class action, and Decedent, unfortunately, cannot benefit from the systemic prison changes his estate seeks. Federal Courts have limited power to award equitable relief. "'[T]he basic requisites of the issuance of equitable relief . . . [includes] the likelihood of substantial and immediate irreparable injury, . . . .'" City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)(quoted cite omitted); *see also* Rizzo v. Goode, 423 U.S. 362 (1976)(no equitable relief for allegations of widespread unconstitutional conduct by police); Bowman v. Corrections

Corp. of America, 350 F.3d 537, 550 (6th Cir. 2003)(mother of deceased prisoner could not pursue claim to enjoin prison's unconstitutional medical policy, because injunction could not impact decedent or mother, nor was case a class action).

The "capable of repetition, yet evading review" doctrine applies only where a plaintiff had standing when the lawsuit is commenced, and later loses standing. The doctrine therefore is not applicable here. <u>Friends of the Earth, Inc. v. Laidlaw Environmental Serv.</u>, 528 U.S. 167, 191 (2000)(" . . . if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum.") Accordingly, the Court recommends that Plaintiff's request for injunctive relief in Count V dismissed.

Defendants Ray, Uchtman and Elyea ask not just for dismissal of the claim for injunctive relief, but also for the dismissal of Count V entirely. (d/e 58, ¶ 5). Presumably this is because these defendants cannot be sued for money damages in their official capacities, nor is injunctive relief available, as discussed above. Dismissal of Count V against them would

eliminate them from the case, as they do not appear to be named in Counts I-IV.

However, it is not completely clear whether Plaintiff intends to proceed against these defendants solely in their official capacities. In the caption, Ray and Elyea are named in their official capacities only, but Uchtman is named in his individual and official capacity. Plaintiff dropped his money damages request in Count V, which indicates he is not pursing individual capacity claims, but he still names Uchtman in his individual capacity in the caption. Neither the section of the Complaint setting forth the parties (p.2) nor Count V specifies in what capacity these Defendants are being sued.

Nor is it clear from the factual allegations in Count V. Plaintiff alleges that unconstitutional policies were "implemented with deliberate indifference by defendants Uchtman, Ray, Elyea and Feinerman and have encouraged the individual defendants to commit the aforesaid wrongful acts against Decedent, and therefore acted as a direct and proximate cause of . . . plaintiff's injuries." Plaintiff also alleged the defendants had a policy to "maintain extreme cold temperatures in HCU," and that

defendants Uchtman, Ray, Elyea, and Feinerman violated the Decedent's rights under the Eighth Amendment . . ." (D/e 57, ¶¶ 80(d) and 83).

Section 1983 liability might arise if a "supervisor personally devise[s] a deliberately indifferent policy that cause[s] a constitutional injury." Armstrong v. Squadrito, 152 F.3d 564, 581 (7th Cir. 1998). Though supervisors are not liable under § 1983 for constitutional violations of their subordinates, supervisors can be liable if they directed or approved the conduct, or knew about the unconstitutional conduct and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988)("Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . ."); *see also* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)("doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights.").

To avoid premature dismissal of Defendants Ray, Elyea and Uchtman, which might only unnecessarily prolong the case, the Court believes Plaintiff should be given an opportunity to amend his Complaint once again to the extent he seeks to pursue claims against Defendants

Ray, Elyea and Uchtman in their individual capacities. *See* <u>Duckworth v. Franzen</u>, 780 F.2d 645, 650 (7th Cir. 1986)(presumption that defendant named in official capacity sued in official capacity only was not conclusive; in federal system, complaint "does not fix the plaintiff's rights but may be amended at any time to conform to the evidence"), *abrogation on other grounds recognized by* <u>Haley v. Gross</u>, 86 F.3d 630 n. 34 (7th Cir. 1996). If Plaintiff does not intend to pursue individual capacity claims, he may stand on his Third Amended Complaint, and these defendants can then be dismissed.

## II.  735 ILCS 5/13-217

Defendant Health Professionals, Ltd., moves to dismiss the claims against it as barred by 735 ILCS 5/13-217.

Section 5/13-217 is a "savings statute," which extends the statute of limitations for one year under certain specified conditions, one of them being a plaintiff's voluntary dismissal. The statute provides in pertinent part that,

> . . .where the time for commencing an action is limited, . . . if the action is voluntarily dismissed by the plaintiff, . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his

heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater.[5]

Section 13-217 has been described as a "boon" to plaintiffs, Evans v. Lederle Laboratories, 167 F.3d 1106, 1110 (7th Cir. 1999), but it is also a trap for the unwary. The Illinois Supreme Court interprets § 13-217 as "permitting only one refiling even in a case where the applicable statute of limitations has not yet expired." Timberlake v. Illini Hospital, 175 Ill.2d 159 (1997). Thus, a plaintiff has only one chance to refile an action after voluntarily dismissing it.

HPL argues that this is Plaintiff's third try at filing the same action, the first and second tries being the state court cases filed by Decedent's father and brother. Under this argument, the voluntary dismissal of the Cook County action brought § 13-217 into play, and the one chance at refiling expired with the filing of the Peoria County case.

However, HPL does not dispute Plaintiff's contention that both state court actions were brought by Decedent's brother and father *in their*

---

[5]The Section lists several other kinds of dismissals that are not applicable here. Additionally, the version set forth here is the pre-1995 version. A 1995 amendment deleted the language about voluntary dismissals, but the Illinois Supreme Court has held it unconstitutional in its entirety. Best v. Taylor Machine Works, 689 N.E.2d 1057 (1997). Therefore, the pre-1995 version applies here. *See Historical and Statutory Notes* to 735 ILCS 5/13-217.

*individual capacities only*, not as representatives of Decedent's estate. HPL argues that this distinction is immaterial: "that plaintiffs John and Jeffery Platcher are now pursuing their claim through an Estate rather than as individuals is of no consequence to this Court's analysis." (D/e 60, p. 3). Under this reasoning, the capacity in which a plaintiff sues (individually or in a representative capacity) is irrelevant, so long as the cases are "'premised on the identical core of operative facts.'" (d/e 60, p.4, *quoting* Ollins v. O'Brien, 2005 WL 730987 (N.D. Ill. 2005)(not reported in F.Supp.2d).

    HPL is correct that the three actions are all based on the same alleged wrongful conduct. However, the *plaintiffs* in the three actions are not identical. The first two cases were filed by two of Decedent's next of kin in their individual capacities. The third case was filed by the Special Representative of Decedent's estate (who is also one of Decedent's next of kin).

    HPL does not explain how the actions of Decedent's father and brother as plaintiffs in their *individual* capacities can bind the Special Representative of Decedent's estate. The cases cited by HPL did not involve a plaintiff filing actions in different capacities. *See, e.g.,* Evans v.

Lederle Laboratories, 167 F.3d 1106 (7th Cir. 1999)(all cases filed by mother, on behalf of child)[6]; Ollins, 2005 WL 730987 (N.D. Ill. 2005)(not reported in F.Supp.2d)(all cases filed by plaintiffs in individual capacities). Nor has the Court found any cases in its own research to support that conclusion.

Further, Decedent's father and brother did not have standing to bring the wrongful death actions individually; only a personal representative may pursue a wrongful death action. 740 ILCS 180/2 ("wrongful death action must be "brought by and in the names of the personal representatives of such deceased person . . . ." ; Glenn v. Johnson, 198 Ill.2d 575, 584 (wrongful death action can be brought only by personal representative, not individuals).[7] HPL's argument would allow the litigation choices of one individual beneficiary (who does not even have standing) to completely bar

---

[6]Hendricks v. Victory Memorial Hosp., 324 Ill.App.3d 564, 566-67 (2d Dist. 2001) declined to follow Evans, to the extent Evans held that § 13-217 applies to bar a suit against a defendant not named in first action.

[7]Why Decedent's father and brother filed wrongful death actions in their individual capacities is not clear. Perhaps they believed the move would help preserve evidence until a special representative could be appointed. Perhaps they were concerned about avoiding limitations problems if a special representative could not be timely appointed. See, e.g., Hardimon v. Carle Clinic Assoc., 272 Ill.App.3d 117 (4th Dist. 1995)(untimely appointment of special representative and amended complaint related back to initial filing of complaint)(abrogated on other grounds); Jablonski v. Rothe, 287 Ill.App.3d 782 (2d Dist. 1997). In any event, their reasons for doing so are not relevant to the Court's analysis.

the representative of an estate (who does have standing) from pursuing a wrongful death action on behalf of all the beneficiaries.

A plaintiff is identified in part by the capacity in which he sues. A plaintiff suing individually acts on his own behalf; a plaintiff suing in a representative capacity acts on behalf of others. That the same individual is behind both actions, or benefits from both actions, does not collapse those identities. For example, in Hamilton v. Chrysler Corp., 281 Ill.App.3d 284, 290 (1st Dist. 1996), *appeal denied* 168 Ill.2d 590 (1996), an Illinois appellate court held that an individual's lawsuit as a derivative shareholder was not the same cause of action as his later lawsuit pursued individually, even though both actions charged the same violations of the Illinois Motor Vehicle Franchise Act. "A shareholder's derivative action, . . . is in actuality an action on behalf of the corporation. . . . (citation omitted). That simply is not the identical claim and cause of action . . . on behalf of the plaintiff as an individual in the instant action." 281 Ill.App.3d at 290.

Similarly, here Plaintiff filed this case as Special Representative–a nominal party "effectively filing suit on behalf of the surviving spouse and next of kin." Glenn v. Johnson, 198 Ill.2d 575, 583 (2002). As such, Plaintiff acts on behalf of all the next of kin who are beneficiaries, not just

himself.  *See* <u>Johnson v. Provena St. Therese Medical Ctr</u>, 334 Ill.App.3d 582 (2d Dist. 2002)("administrator. . . stands in a fiduciary relationship to the beneficiaries under the Wrongful Death Act.").  The next of kin includes Decedent's sister, who was not even mentioned in the state court pleadings.

In short, HPL has not shown that the Special Representative of Decedent's estate was a plaintiff in the state court actions.  Therefore, the Special Representative did not voluntarily dismiss the Cook County action, nor did the Special Representative file the Peoria County action.  On the present record, this is the Special Representative's "first bite" and Section 13-217 does not apply.  In light of this recommendation, the Court need not address Plaintiff's other arguments.

### III.  Affidavit Required by 735 ILCS 5/2-622

Plaintiff has now filed the documents required by 735 ILCS 5/2-622 (d/e's 63, 64), mooting HPL's objection.

WHEREFORE, the Court RECOMMENDS that the motion to dismiss by Defendants Ray, Elyea and Uchtman be granted in part and denied in part (d/e 58).  The Court recommends dismissal of Plaintiff's request for injunctive relief in Count V of the Third Amended Complaint and also

recommends that Defendants Uchtman, Elyea and Ray be dismissed in their official capacities.  However, the Court recommends that Defendants Uchtman, Elyea and Ray remain as defendants to the extent pursued in their individual capacities, and that Plaintiff be given leave to amend his Complaint to that end.  The Court FURTHER RECOMMENDS that the motion to dismiss by Defendant Health Professionals, Ltd., be denied (d/e 60).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   June 12, 2006

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE