```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS
                     PEORIA DIVISION
```

JOHN PLATCHER, as Special           )
Representative of the Estate of     )
CHARLES PLATCHER, Deceased,         )
                                    )
                Plaintiff,          )
                                    )
         v.                         )     No. 04-1442
                                    )
HEALTH PROFESSIONALS, LTD.,         )
et al.,                             )
                                    )
                Defendants.         )

## ORDER

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation ("R & R") [Doc. #103], addressing two motions to dismiss Plaintiff's Third Amended Complaint.  The first motion is to dismiss Count V of Plaintiff's Third Amended Complaint, made by Defendants Amy Ray ("Ray"), Willard Elyea ("Elyea"), and Alan Uchtman ("Uchtman") [Doc. #58].  The second motion is to dismiss Counts I and II of Plaintiff's Third Amended Complaint, made by Defendant Health Professionals, Ltd. ("HPL") [Doc. #60].  For the reasons that follow, the Court will adopt Magistrate Judge Cudmore's R & R.

### I.
### BACKGROUND

On December 25, 2003, Charles Platcher (Decedent), then an inmate incarcerated at Menard Correctional Center, died of hypothermia in his cell. On April 2, 2004, John Platcher (Decedent's father) and Jeffery Platcher (Decedent's brother) filed

a wrongful death suit as individuals against the Illinois Department of Corrections and HPL.  This suit, based upon Decedent's death, was filed in Cook County Circuit Court.  On May 3, 2004, Plaintiffs essentially filed an identical complaint in Peoria County Circuit Court.  The Cook Country suit was voluntarily dismissed by Plaintiffs on May 6, 2004.

On December 27, 2004, Decedent's father filed an identical complaint in this Court.  However, this case was filed not as an individual, but as Special Representative of Decedent's estate.  On March 4, 2005, the pending case in Peoria County was dismissed, with leave to replead.

Plaintiff's Third Amended Complaint [Doc. # 57] sets forth five counts arising from the death of Decedent: (1) a negligence/wrongful death claim against HPL; (2) a negligence survival claim against HPL; (3) civil rights claims against HPL; (4) civil rights claims against the individual correctional officers; and (5) civil rights claims against Uchtman, Elyea, Ray, and Feinerman.

Defendants Uchtman, Elyea, and Ray have now filed a motion to dismiss Count V of Plaintiff's Third Amended Complaint.  They argue that Plaintiff does not have standing to bring this claim for injunctive relief, and therefore the claim violates the "case or controversy" requirement of Article III.  See U.S. Const. art. III, § 2.

HPL has filed a motion to dismiss Counts I and II of Plaintiff's Third Amended Complaint. It argues that this is the third identical claim brought by the same plaintiff, and is therefore barred by 735 ILCS 5/13-217, by which it claims that a plaintiff is allowed only one opportunity to refile an action that has been voluntarily dismissed.

In his R & R, Magistrate Judge Cudmore recommends that Plaintiff's claim for injunctive relief in Count V of his Third Amended Complaint be dismissed, and that Ray, Elyea, and Uchtman be dismissed in their official capacities. He further recommends that Plaintiff be given leave to amend his complaint, so as to file a similar claim against Ray, Elyea, and Uchtman as individuals. Finally, he recommends that HPL's motion to dismiss Counts I and II be denied because it cannot be shown that the Special Representative of Decedent's estate was a plaintiff in the state court actions.

## II.
## LEGAL STANDARD

Upon issuance of a magistrate judge's R & R, any party to the suit who so chooses may serve and file written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b). These written objections must be filed within ten working days after the objecting party is served with a copy of the R & R. Id. The Seventh Circuit has clarified that Rule 72(b) contemplates

3

"written, specific objections" to the report and recommendation. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

A district court will review *de novo* only "those portions of the magistrate judge's [proposed findings and recommendations] to which specific written objection is made." Id. If no objection or only partial objection is made, the district court judge reviews those unobjected portions of the magistrate judge's proposed findings and recommendations for clear error. Johnson, 170 F.3d at 739. As a result, failure to make timely objections in the district court constitutes a waiver of any objection on appeal. See id.; Video Views Inc. v. Studio 21 Ltd., 797 F.2d 538 (7th Cir. 1986).

### III.
### ANALYSIS

Due to the parties' failure to file any written objections to the R & R within the ten working day period required by 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), this Court is to review the findings and recommendations of Magistrate Judge Cudmore solely on a standard of clear error. Johnson, 170 F.3d at 739. Here, there is no evidence of clear error on the part of the magistrate judge and, therefore, his findings and recommendations shall be adopted by this Court.

IT IS THEREFORE ORDERED that the motion to dismiss by Defendants Ray, Elyea, and Uchtman [Doc. #58] is GRANTED as to Plaintiff's request for injunctive relief in Count V of the Third Amended Complaint. Defendants Ray, Elyea, and Uchtman are to be

dismissed in their official capacities.

    IT IS FURTHER ORDERED that Plaintiff is given leave to amend his complaint within 21 days so as to include Defendants Ray, Elyea, and Uchtman as individuals.

    IT IS ALSO ORDERED that the motion to dismiss by Defendant Health Professionals, Ltd. [Doc. #60] be DENIED, for the reasons explained in Magistrate Judge Cudmore's R & R.

    ENTERED this 12th day of July, 2006.

                                    /s/ Joe B. McDade
                                    Joe Billy McDade
                            United States District Judge