IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| John Platcher, as Special Representative of the Estate of Charles Platcher, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-1442 |
| Health Professionals, Ltd., et al., | ) ) ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff's Motion to Compel Defendants Baig and Ahmed to: 1) answer Plaintiff's third set of interrogatories ("Set C"); 2) respond to Plaintiff's request to produce documents ("Set C"); and 3) produce the documents requested in Plaintiff's Amended Notice of Deposition to Defendant Baig. (d/e 163).[1]

The discovery requests seek information about the Defendants' finances and wealth for purposes of the punitive damages sought in Count

---

[1] Plaintiff apparently served these discovery requests on all the defendants but has moved only to compel responses from Defendants Ahmed and Baig.

IV of the Third Amended Complaint. (d/e 57). Count IV in relevant part alleges that:

> Faisal Ahmed was assigned to the care and treatment of the decedent. Ahmed was aware that the temperature in the HCU was too cold for human safety, he was aware that the decedent was lying nude on the floor and acted deliberately and recklessly in the care and safety of the decedent. (Third Amended Complaint, d/e 57, p. 10-11, para. 57).

As to Dr. Baig, Count IV alleges: " Mirza S. Baig placed the decedent in a strip cell with no clothes when he knew or should have known that the temperature within the cell was too cold for human safety . . . ." (Third Amended Complaint, d/e 57, p. 12, para. 66).

Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990). District courts have broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d

467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will reverse a decision of a district court relating to discovery only upon a clear showing of an abuse of discretion).

## Set C Interrogatories

Defendants Baig and Ahmed object on the grounds that Plaintiff did not obtain leave of court to serve more than 25 written interrogatories. They assert that they had already answered prior interrogatories which exceeded 25 in number before Plaintiff served the third set. (d/e 163, Ex. 3); Fed. R. Civ. P. 33(a). Plaintiff counters that this objection is untimely and therefore waived.

Plaintiff served the Set C interrogatories on Defendants Baig and Ahmed on June 13, 2007. (d/e 163, Ex. 1). Defendants Baig and Ahmed served their written objection on July 23, 2007, ten days late. (d/e 163, Ex. 1). Defendants, however, contend that Plaintiff cannot complain of the late response because Plaintiff had no authority to serve the third set of interrogatories initially. (d/e 165, pp. 4-5).

The prior interrogatories served by Plaintiff are not in the record, but Plaintiff does not dispute Defendants' assertion that those prior interrogatories already exceeded the 25-question limit. Plaintiff was therefore required by the plain language of Rule 33(a) to seek leave of court to serve Set C, unless Defendants chose to overlook the rule. That other parties in other cases have been willing to answer more than 25 interrogatories without objecting does not bar Defendants from asserting the objection here.[2] As to timeliness, the Court believes the Defendants' 10-day delay in serving a written response is excusable under Rule 33(b)(4), given that Plaintiff did not have leave to serve those interrogatories. Accordingly, Plaintiff's motion is denied as to the Set C interrogatories.

### Set C Requests to Produce

That does not end the issue, however, because Plaintiff seeks to compel the same information through requests for production of documents. Plaintiff served the Request to Produce-Set C on July 26, 2007. Plaintiff did not file Defendants' written responses with the motion to

---

[2] Since Plaintiff does not dispute that the prior interrogatories already exceeded the limit, the Court need not address Plaintiff's argument about the interrelation of the subparts.

compel, presumably because Defendants' time for response had not yet passed. It does not appear that the record has since been supplemented with Defendants' formal written response, if in fact there was one. *See* Local Rule 26.3(C)("Any motion filed under 26(c) or 37 shall be accompanied by the relevant portions of discovery material relied upon or in dispute."). The record therefore is incomplete.

However, Defendants' response to the motion to compel does set forth the substance of their objections, which the Court will address. Baig and Ahmed contend that Plaintiff's "efforts in this respect reflect nothing more than harassment and an effort to embarrass the doctors. . . . [P]laintiff has no right to obtain this private information and cannot create such a right by simply making bald allegations . . . . " (d/e 165, p.4). They argue that the facts of the case do not support punitive damages against them. They also contend that discovery of their personal assets is premature until after a ruling on dispositive motions, on grounds of "professional courtesy," given the personal and sensitive nature of the information. (d/e 165, p. 5).

A defendant's financial condition is relevant to the pursuit of punitive damages. *See* City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981)("evidence of a tortfeasor's wealth is traditionally admissible as a

measure of the amount of punitive damages"); *see also* Kemezy v. Peters, 79 F.3d 33, 36 (7th Cir. 1996)(holding that section 1983 plaintiff is not *required* to introduce evidence of wealth to recover punitives, but recognizing that plaintiffs often *do* present evidence of a defendant's wealth); Aspen v. King World Productions Corp., 2001 WL 1403001 *3 (N.D. Ill., Magistrate Judge Schenkier)(not reported in F.Supp.2d) ("[T]here can be no doubt that net worth is discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, as it regards. . . plaintiff's punitive damages claim.").[3]

    Baig and Ahmed argue that the facts cannot support an award of punitive damages.  They assert that discovery has revealed that the hot water heating system broke shortly before the decedent's death, causing the cold temperatures in Plaintiff's cell.  (d/e 165, pp. 1-2, 4)("These defendants are physicians; they are not maintenance men.").  Dr. Ahmed further contends that he did not treat Plaintiff before the morning of Plaintiff's death.  Similarly, Dr. Baig advances that he last examined the decedent nearly 24 hours before his death and that the decedent had reported, "I feel OK.  I am eating and taking my medications."

---

[3]Ahmed and Baig do not contend that they are fully indemnified, which would make their finances irrelevant and inadmissible.  Kemezy, 79 F.3d at 37.

(d/e 165, p. 2).

These "facts" are not established in the record. Arguments about what the facts are and the inferences that arise therefrom belong at summary judgment or trial. In any event, these proposed facts do not conclusively preclude punitive damages against Drs. Baig or Ahmed, depending on what other facts the record ultimately shows. The Court cannot determine the merit of Plaintiff's claims against Ahmed and Baig at this stage.

Defendants next assert that the motion is premature and that Court should delay discovery on net worth until Plaintiff survives summary judgment. Defendants cite no case law in support of this contention. The Court's own research reveals that most (though not all) courts do not require a prima facie showing of merit on a claim for punitive damages before permitting discovery of a defendant's financial net worth. *See* 6 James Wm. Moore et al., <u>Moore's Fed. Prac. Civ.</u> Section 26.41[8][c] (3d ed. 2007)("When the complaint asserts a claim that will sustain an award of punitive damages if proven, a majority of federal courts permit discovery of the net worth and financial condition of the defendant, without requiring the plaintiff to establish a prima facie case on the issue of punitive

damages.")(collecting cases on both sides at fn. 71-73); *see also, e.g.,* U.S. v. Matusoff Rental Co., 204 F.R.D. 396, 399 (S.D. Ohio 2001)("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discovery information relating to the defendant's financial condition in advance of trial and without making a *prima facie* showing that he is entitled to recover such damages.")(collecting cases); Krenning v. Hunter Health Clinic, Inc., 166 F.R.D. 33, 34 (D.C. Kansas 1996)("a plaintiff need not establish a *prima facie* case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns"); Aspen, 2001 WL 1403001 *4-5 ("since plaintiff's fraud claims . . . have survived a motion to dismiss, we see no good reason to deprive plaintiff of discovery into . . . damages issues . . . And, that includes discovery concerning punitive damages.").

The Court therefore agrees with Plaintiff on the general proposition that the current financial conditions of Ahmed and Baig are discoverable in relation to the punitive damages sought in Count IV.  However, the Court also agrees with Defendants that the information sought is highly personal.[4]

---

[4]Defendants do not move for a protective order.

Further, though Defendants do not make the argument, the Court finds Plaintiff's requests overly broad.  Plaintiff seeks extensive financial records over the past three years, including state and federal income tax returns, mortgage deeds, account statements, stocks, bonds, mutual funds and securities.  Only Defendants' *current* assets and liabilities are relevant to the punitive damages claims against them, and the documents requested far exceed what is necessary to establish those figures.  *See* 10  Fed. Proc., L.Ed. Section 26:135 (net worth discovery "should be limited to .. . current assets and liabilities, since past earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages.")(Westlaw cite: fedproc 26:135)(updated June 2007).

    Accordingly, the court will not compel the requests as currently drafted.   The parties will be given an opportunity to come to agreement on disclosure and an appropriate protective order.  If no agreement can be reached, the Court will entertain a renewed motion to compel on a properly narrowed request.  *See* U.S. v. Matusoff Rental Co., 204 F.R.D. at 401 ("[P]laintiff is entitled to reasonable discovery regarding Defendants' financial condition.  However that discovery should be conducted only in accordance with a protective order which limits the disclosure . . . .");

Aspen, 2001 WL 1403001 * 5 ("'attorneys eyes only' . . . strikes proper balance); Raiser v. O'Shaugnessy, 1992 WL 309541 (N.D. Ill. 1992)(not reported in F.Supp)(disclosure of financial information not premature but was overly broad and would be subject to confidentiality restrictions).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel is denied to the extent it seeks answers to Plaintiff's Set C Interrogatories.  (d/e 163).  The motion is also denied, but with leave to renew, to the extent it seeks answers to Plaintiff's Request to Produce-Set C.

2) Plaintiff, Defendants Ahmed and Baig are directed to confer and attempt to resolve the financial information Ahmed and Baig will provide to Plaintiff's counsel and to craft an appropriate protective order.  By October 12, 2007, Plaintiff may file a renewed motion to compel in accordance with this order if necessary.

ENTER:   September 18, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE