IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| John Platcher, as Special Representative of the Estate of Charles Platcher, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04-CV-1442 |
| Health Professionals, Ltd., et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Plaintiff's Motion to Enforce Settlement (d/e 176) and State Defendants' Joint Amended Response (d/e 185). U.S. District Judge McDade referred the matter to the undersigned for a Report and Recommendation. (See Text Order of February 19, 2008.) For the reasons below, it is recommended that Plaintiff's Motion to Enforce Settlement (d/e 176) be ALLOWED.

BACKGROUND

The undersigned conducted a mediation in the above cause between the dates of June 29, 2007 and December 10, 2007. A great majority of

that mediation took place telephonically and through facsimile.  Plaintiff was represented during the mediation by counsel Peter Bustamante.  The main attorney contact for the State Defendants was Attorney Ed Huntley, chief legal counsel for the Illinois Department of Corrections.  During the course of the mediation, the scope of the discussions centered exclusively upon the amount of compensation to be paid.

On November 28, 2007, the Court conducted a mediation in chambers.  The Plaintiff participated through Peter Bustamante and Thomas O'Donnell.  The State Defendants participated through counsel Ed Huntley.  The in person mediation again focused almost 100% on the degree of compensation to be paid.  Other minor issues concerning the time frame for payment and Defendants' willingness to present certain persons as witnesses in the remainder of the trial were also discussed.  It should be noted that Plaintiff's case is also pending against Health Professionals, Ltd., Dr. Baig, and Dr. Ahmed.  While the in person mediation moved the compensation discussions forward, full closure was not reached.

After the in person mediation, the Court continued to work *ex parte* through telephone and facsimile to move the parties toward closure.

On December 10, 2007, a facsimile from Plaintiff's counsel was received by the undersigned as mediator advising that Plaintiff accepted the State Defendant's monetary offer and that a settlement with the Department of Correction Defendants had been reached.  Plaintiff accepted the monetary offer in settlement exactly as the final offer made from the Illinois Department of Corrections.  Certain other minor issues were contained in Attorney Bustamante's notice to the Court that settlement had been reached.  Those minor issues had been previously discussed with the undersigned as mediator and communicated to Attorney Huntley.

Based upon the receipt of the facsimile from Attorney Bustamante, the Court immediately contacted Attorney Huntley by telephone and advised that Plaintiff had accepted the State Defendants' offer and that the matter had been settled.  The undersigned faxed Attorney Huntley a copy of Plaintiff's December 10, 2007 acceptance.[1]  The Court asked that an attorney be selected by Attorney Huntley to craft a settlement agreement forthwith.  The Court entered its standard 30-day order (d/e 174) which

---

[1] The Court does not attach the December 10, 2007 facsimile hereto as that document was received by the undersigned in his confidential role as mediator, however, to make the record complete for any future review, copies of the December 10, 2007 facsimiles are directed to be filed in the case UNDER SEAL to be viewed only by order of Court.

indicated that a mediated settlement had been reached with the Illinois Department of Corrections Defendants.

At this time, the Court presumed full closure would be reached quickly through the execution of a *pro forma* settlement agreement.

On January 28, 2008, Plaintiff filed the instant Motion to Enforce Settlement (d/e 176).  For the first time, the Court learned that the Illinois Department of Corrections Defendants required some type of confidentiality clause in the settlement agreement with Plaintiff.  On January 29, 2008, the undersigned held a telephone conference with counsel Thomas O'Donnell, Andrew Ramage, and Ed Huntley concerning Plaintiff's Motion (d/e 176).  Defendants were directed to file a response by February 14, 2008, and the Court took the matter under advisement.

On February 14, 2008, State Defendants filed a joint response (d/e 183) which, unfortunately, contained exact copies of the proposed settlement agreement, and was therefore in the public filing milieu until a second motion was filed (d/e 184) and a request to seal the original motion was allowed.  In the State Defendants' Joint Amended Response (d/e 185), it was summarily argued that the confidentiality terms sought are standard procedure in any settlement with a State of Illinois Defendant, and

therefore reasonably was contemplated by the parties as part of the bargain.

## DISCUSSION

The Court's analysis herein is controlled by the underlying history of the mediation, and by Seventh Circuit precedent.  As stated above, the history of the mediation and settlement focused almost 100% on the degree of compensation to be paid to Plaintiff by the Illinois Department of Corrections Defendants.  The other aspects of the negotiation were minor.  The negotiations at no time focused in any way on confidentiality.  Confidentiality was never mentioned by the State Defendants nor the Plaintiff until the Court received Plaintiff's Motion to Enforce Settlement.  A case very similar to the instant case was recently decided by the Seventh Circuit.  In <u>Dillard v. Starcon Intern., Inc.</u>, 483 F.3d 502 (7th Cir., 2007), the parties had orally negotiated certain terms.  The terms of the oral settlement again focused primarily upon the degree of compensation to be paid, but also contained other material aspects.  Once the oral settlement was entered into in <u>Dillard</u>, Starcon requested additional terms to be placed in the written settlement agreement, including a confidentiality provision.  Dillard filed a motion to enforce the oral agreement.  Magistrate Judge

Arlander Keys found that the parties had reached a meeting of the minds on all material terms of the agreement. Judge Keys concluded the oral agreement was sufficiently definite in all material terms and the disputes that subsequently arose over the written agreement centered upon non-material terms. Accordingly, Judge Keys ordered the oral settlement enforced. Judge Keys declined to enforce the confidentiality provision.

In a well reasoned decision before Chief Judge Easterbrook, Judge Kanne, and Judge Sykes, Judge Sykes writing for the Court affirmed the decision of Magistrate Judge Keys that the oral contract was enforceable and the other points of contention raised during the settlement document drafting were immaterial.

Judge Sykes distinguished another Seventh Circuit case, Higbee v. Sentry Insurance Co., 253 F.3d 994 (7th Cir., 2001) wherein the Court found that confidentiality clauses, nondisparagement clauses, and release provisions were material terms. The Court pointed out that the settlement negotiations in Higbee clearly involved the issues of confidentiality and nondisparagement. Therefore, those terms were material. Judge Sykes went on to note that Higbee does not stand for the proposition that these

provisions (confidentiality / nondisparagement) are material as a matter of law.

Taking the same reasoning from <u>Dillard</u>, the undersigned is convinced there was a meeting of the minds on all material aspects for settlement in this case on December 10, 2007.  Further, that at no time prior to that meeting of the minds was the issue of confidentiality broached in any way by the Plaintiff and/or the Illinois Department of Corrections Defendants.  The fact that the Department of Corrections Defendants now want a confidentiality provision in the written settlement agreement does not negate the analysis from <u>Dillard</u>.  If confidentiality had been important, it should have been raised during the mediation and would have been a material negotiated item of settlement.  It was not and Defendants must bear that consequence.

WHEREFORE, for all of the above reasons, the Court RECOMMENDS that Plaintiff's Motion to Enforce Settlement (d/e 176) be ALLOWED and that settlement be enforced in accord with Plaintiff's facsimile of December 10, 2007.  Boilerplate clauses concerning release and no admission of fault should, of course, be included in a settlement

agreement Plaintiff and the State Defendant should execute.  No attorneys fees awarded.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    February 20, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE